UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSE ADRIAN GUEVARA | * | CIVIL ACTION NO. 2:17-CV-10625 |
| VERSUS | * | SECTION: A(3) |
| JNV GLASS INSTALLATION AND REPAIR LLC ET AL | * | DISTRICT JUDGE: JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE: DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, JUDICIAL NOTICE, AND FOR DISCLOSURE OF THE NAMES AND ADDRESSES OF THE POTENTIAL OPT-IN PLAINTIFFS**

Defendant, Zinsel Glass and Mirror, LLC ("Zinsel") submits this Memorandum in Opposition to Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs.

Jose Adrian Guevara ("Plaintiff") requests in his motion that the Court certify the instant case as a collective action pursuant to 29 U.S.C. § 216(b), and to conditionally certify a class of claimants. Plaintiff also requests the Court (1) approve the proposed class notice to be sent to potential opt-in plaintiffs, (2) approve an opt-in period of 90 days, and (3) order defendants to provide Plaintiff with the names and last known addresses of the potential opt-in plaintiffs. Rec. Doc. 21, p.6. Zinsel respectfully requests that the Court deny the conditional class certification because the class is too broad and is not similarly situated.

Plaintiff contends in its First Amended Collective Action Complaint ("Amended Complaint"):

> Defendant JNV is a subcontractor that specializes in providing labor for commercial glass installation projects in the Greater New Orleans Area. Defendant Zinsel is a glass company that specialized in commercial and residential glass installation and repair services. Zinsel engages JNV to provide labor at its jobsites.

Rec. Doc. 4 at ¶ 28. Plaintiff's Amended Complaint appears to be premised on the idea that Zinsel and JNV Glass Installation and Repair LLC ("JNV") were joint employers on those projects for which Zinsel engaged JNV to provide labor at Zinsel's jobsites, but makes no specific factual allegations to support such a conclusion.[1]

Prior to filing the instant motion, on April 4, 2018, Plaintiff submitted a proposed stipulated motion regarding conditional class certification that proposed a class of:

> **All individuals who worked or are working providing labor for JNV Glass Installation and Repair at Zinsel Glass and Mirror, LLC projects from October 2014 to the present.**

Zinsel advised Plaintiff's counsel that it did not oppose the proposed class. However, in the instant motion Plaintiff has broadened the proposed class to:

> **All individuals who worked or are working performing manual labor for JNV Glass Installation and Repair LLC and/or Zinsel Glass and Mirror, LLC during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation.**

The proposed class now includes anyone who performed manual labor for JNV in the past three years who was eligible for overtime pay and did not receive overtime compensation, as well as anyone who performed manual labor for Zinsel in the past three years who was eligible for overtime pay and did not receive overtime compensation. Unless JNV has only performed work for Zinsel in the past three years, and Zinsel has no manual laborers of its own, this is a much larger class than originally proposed and will likely include class members who contend they are owed payment for work that was not performed on projects where JNV provided labor

---

[1] Zinsel denies those allegations.

at Zinsel's jobsites, and may include laborers who never performed work on any projects involving Zinsel. Also the proposed class is broad enough to include employees of Zinsel who never worked for JNV.

> In Plaintiff's declaration (Rec. Doc. 21-2) he states:
>
> I was hired by JNV Glass to provide labor for [Zinsel]. While working for JNV Glass, I provided labor at Zinsel jobsites. My duties included installing glass windows and doors and other related duties.[2]

If the proposed class includes class members who contend they are owed payment for work that was not performed on projects where JNV provided labor at Zinsel's jobsites, or laborers who never performed work on any projects involving Zinsel, or employees of Zinsel who never worked for JNV, then those class members are not similarly situated.

At the notice stage, similarly situated requires that the potential members "were together the victims of a single decision policy or plan ." *Xavier v. Belfor USA Grp., Inc.*, 585 F.Supp.2d 873, 877 (E.D. La.2008). "To prevail at the notice stage, the named plaintiffs must have substantial allegations that they and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law." *Id.* at 878. While employees of related, but separated employers have been found to be similarly situated for the purposes of conditional certification, there are no allegations in the Amended Complaint or the instant motion that Zinsel and JNV are related. Plaintiff's proposed class is simply too broad and is not, and cannot be, supported by substantial allegations that the Plaintiff and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law.

Zinsel also opposes Plaintiff's request the Court order Zinsel provide the names and last known addresses of the potential class members who worked or are working performing manual

---

[2] Plaintiff's proposed class in the proposed stipulated motion would have been for more similarly situated to Plaintiff than what is being proposed in the current motion.

labor for JNV. Zinsel did not directly, or indirectly, employ such proposed class members and lacks the information to fully comply with such a request.

## Conclusion

In conclusion, Zinsel opposes Plaintiff's request for conditional class certification because Plaintiff's proposed class is simply too broad and is not be supported by substantial allegations that the Plaintiff and potential opt-in members were together the victims of a single decision, policy, or plan that violated the law. Zinsel also objects to Plaintiff's request that the Court order Zinsel provide the names and last known addresses of the potential class members, because Zinsel lacks the information to fully comply with such a request as it pertains to individuals who worked or are working performing manual labor for JNV.

Respectfully submitted,

/s/*Stuart G. Richeson*
Daniel Lund III (La. Bar No. 19014)
Stuart G. Richeson (La. Bar No. 23912)
Carys A. Arvidson (La. Bar No. 37018)
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311; Fax: (504) 568-9130
Email: daniel.lund@phelps.com
stuart.richeson@phelps.com
carys.arvidson@phelps.com

*Attorneys for Defendant, Zinsel Glass and Mirror, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record, via U.S. Mail, pre-paid first-class postage, facsimile, and/or electronic mail, this 5th day of June, 2018.

/s/*Stuart G. Richeson*

PD.23864480.1